1. CARRIERS—STREET RAILROADS—TRANSFERS—EJECTION.

Where two street-railway companies contracted to give transfers and carry the passengers of each other over their respective roads, a person paying his fare and receiving a transfer from one road is a passenger on the other, and hence can recover damages from the road to which he is transferred, for being ejected from its cars and being arrested immediately thereafter.

2. SAME—ARREST.

Where a transfer passenger was ejected from the cars of a transfer street-railway company, and was arrested immediately thereafter, the company is liable for the damages resulting from the arrest, though the same was not made until plaintiff had alighted from the car, since the ejection and the arrest constituted one continuous act.

Appeal from trial term.

Action by Isaac Jacobs against the Third Avenue Railroad Company. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before McCARTHY, SCHUCHMAN, and O'DWYER, JJ.

Hoadley, Lauterbach & Johnson, for appellant.

Horwitz & Samuels, for respondent.

PER CURIAM. After a careful examination of the evidence, we are satisfied that the plaintiff was entitled to recover against the defendant, and that the damages awarded are not excessive. The contract to carry the plaintiff as a passenger was a joint one on the part of both railway companies, and each is responsible for the acts of the other in the performance of the same. Plaintiff having paid his fare and received a transfer ticket, entitling him to ride, in accordance with the contract between the railroad companies, over both their lines, was properly a passenger upon defendant's car, and the conductor thereof had no right to eject him therefrom. The fact the plaintiff was not arrested until after he had alighted from the car is immaterial. The ejection and subsequent arrest constitutes one continuous act, and, that act being unlawful, the defendant is liable therefor.

Judgment and order appealed from affirmed, with costs.

---

## KANE v. REID.

(City Court of New York, General Term. January 21, 1901.)

REPLEVIN—REASONABLE DEMAND—JURY QUESTION.

Plaintiff, after delivering a deed to premises without anything being said as to the gas fixtures therein, brought replevin for the same. A demand was made for the fixtures at 5 o'clock on a Saturday afternoon late in October and, though the right to possession was not disputed, the taking of them was refused until Monday morning, as they were needed to light the house over Sunday. *Held*, that the question as to whether or not such a demand was reasonable and proper was for the jury, and it was error for the court to direct a verdict for plaintiff.

Appeal from trial term.

Replevin by John P. Kane, as executor, against Jennie Reid. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before McCARTHY and O'DWYER, JJ.

Edmund T. Oldham, for appellant.

J. Woolsey Sheppard, for respondent.

PER CURIAM. The only demand available to plaintiff is the one of October 29, 1898. Plaintiff must rely on his final assertion of ownership, instanced by his final demand. This was on October 29, 1898. That he had not abandoned his title on October 22d is shown by his letter to Rogers on October 26th, and that he had not abandoned his title on October 26th is shown by his retention of title involved in his demand for possession on the 29th. The property consisted of gas chandeliers, brackets and appliances, and gas logs, affixed to the premises by the plaintiff, left there by the plaintiff, and a deed of the premises delivered to the defendant without one word being said to the defendant. Under the circumstances we agree with the learned counsel for the appellant that it was a question for the jury to determine whether the making of a demand for the return of these articles at 5 o'clock in the afternoon of Saturday, October 29th, was a demand at a proper time and in a proper manner. The defendant says that she told the plaintiff's representative, upon the demand being made, "that she could not be left in darkness Saturday and Sunday nights, but that he could have them on Monday morning", and under this evidence it was the duty of the court to submit the question of the reasonableness of this demand to the jury, and the refusal to do so is error, requiring the reversal of the judgment. We are also agreed upon the appeal from the order denying the motion for a new trial that the question of value should have been submitted, and this error may be cured on such appeal.

The judgment and order appealed from must be reversed, and a new trial ordered, with costs to appellant to abide the event.